IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03249-BNB

DUSTIN SIMS,

       Plaintiff,

v.

MICHAEL COLLINS,
SEAN RENFRO,
MICHEAL WALLINE,
KATHERINE FEROE, and
JOSHUA HAMMACK,

       Defendants.

---

ORDER TO FILE AMENDED PRISONER COMPLAINT

---

       Plaintiff, Dustin Sims, currently is incarcerated at the Jefferson County Detention Facility in Golden, Colorado.  Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint.  The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to amend the Complaint.

       Plaintiff identifies two claims in the Complaint form.  In Claim One, Plaintiff contends that when he was housed as a pretrial detainee at the Jefferson County Detention Facility he was arbitrarily placed in administrative segregation in violation of his Eighth and Fourteenth Amendment rights.  Plaintiff further asserts in Claim One that when he was released from administrative segregation he was double bunked with a homosexual inmate who sexually harassed him, but jail staff would not move him even

though he complained about the harassment.  Finally, in Claim One Plaintiff asserts that because jail staff refused to move him he was involved in an altercation with his cellmate; convicted of third degree assault; and sentenced to fourteen months of work release due to the altercation.  Plaintiff further contends that the jail classification committee refuses to comply with the work-release sentence.

In Claim Two, Plaintiff asserts that Defendant Joshua Hammack attacked him after he had retreated to his cell and was not a threat to Defendant Hammack.  Plaintiff contends he suffered a concussion and other injuries.  Plaintiff seeks money damages for the violations asserted in both claims.

Although Plaintiff asserts claims against all named defendants, he fails to assert how a named defendant was responsible for his continued placement with a homosexual inmate.  The individual Plaintiff identifies in the text of the Complaint as being responsible for refusing his request to be moved is not named as a party to the Complaint.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show that each **named** defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

In addition, to state a claim in federal court, a complaint must explain what each defendant did to Plaintiff; when the defendant did it; how the defendant's action harmed Plaintiff; and, what specific legal right Plaintiff believes the defendant violated.  *Nasious*

2

*v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, Plaintiff's work-release claim more properly is raised in a separate 28 U.S.C. § 2241 action.  Plaintiff is challenging the execution of his fourteen month sentence.  A challenge of the execution of a sentence is the purpose of a § 2241 action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  Accordingly, it is

ORDERED that within thirty days from the date of this Order Plaintiff file an Amended Complaint consistent with the above directives.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order the Court will proceed with a review of the merits of only the administrative segregation and excessive force claims.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED January 28, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge