IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03249-BNB

DUSTIN SIMS,

    Plaintiff,

v.

MICHEAL COLLINS,
SEAN RENFRO,
MICHEAL WALLINE,
KATHERINE FERO,
ROBERT SMITH,
TYLER HAGEMAN,
THEODOR MINK, and
JOSHUA HAMMACK,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW IN PART

    Plaintiff, Dustin Sims, is a prisoner in the custody of the Jefferson County Detention Facility at Golden, Colorado.  Acting *pro se*, he initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.  On January 28, 2013, Magistrate Judge Boyd N. Boland ordered Plaintiff to amend the Complaint to state what each defendant specifically did to violate his constitutional rights.  Plaintiff filed an Amended Complaint on February 14, 2013.  For the following reasons, the Amended Complaint will be dismissed in part and ordered drawn in part.

    Plaintiff sets forth two claims.  In Claim One, Plaintiff asserts that on March 12, 2012, he was sanctioned to twenty days of disciplinary segregation as a result of a rule violation associated with Jefferson County Case No. 12m1232.  Subsequently, Plaintiff pled guilty on July 20, 2012, to disorderly conduct in Case No. 12m1232 and was

sentenced to thirty days of incarceration in the Jefferson County Jail.  Plaintiff also asserts that on June 25, 2012, he was found guilty of being an habitual traffic offender and was sentenced to fourteen months in the Jefferson County Jail, which could be reduced to seven months if he was eligible to participate in a work release program.

Plaintiff further contends that as a result of the disorderly conduct charge he was placed in administrative segregation from March 13, 2012, until July 1, 2012, when he was returned to general population.  Then on July 14, 2012 , Plaintiff was involved in an altercation with another inmate that resulted in third degree assault charges in Case No. 12m3935.  Although Case No. 12m3935 was dismissed on January 30, 2013, Plaintiff still was found guilty in a jail disciplinary proceeding of assault.  Plaintiff further asserts that he remains at the county jail, has not been allowed to participate in the work release program, and will have served 358 days in administrative segregation when his sentence expires on March 19, 2013.

In Claim Two, Plaintiff asserts that on November 11, 2012, when he refused to lock down, Defendant Hammack grabbed him by the throat and threw him into his cell. Plaintiff further asserts that once he was past the threshold of his cell he twisted out of the choke hold, but Defendant Hammack continued to punch him in the back of his head.  Plaintiff further asserts that in the midst of being hit he fell backwards and Defendant Hammack fell on top of him, which resulted in Plaintiff biting his own cheek and also biting Defendant Hammack.  Finally, Defendant punched him one last time in the side of the head, stood up while holding Plaintiff's hand and kicked him in the face, splitting open the skin above his right eye and resulting in a concussion.  Plaintiff further contends that he was not a threat to anyone before Defendant Hammack used

excessive force.  Plaintiff was found guilty at a facility disciplinary hearing of assaulting a staff member.  Plaintiff seeks money damages.

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  Plaintiff does not allege that he was deprived of life or property at any of his disciplinary hearings.  He, therefore, was entitled to procedural protections at the disciplinary hearing only if he was deprived of a liberty interest.  The existence of a liberty interest depends upon the nature of the interest asserted.  *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).  A prisoner is not entitled to any procedural protections in the absence of a grievous loss.  *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

There is a liberty interest in avoiding particular conditions of confinement under *Sandin v. Conner*, 515 U.S. 472 (1995).  An inmate enjoys a liberty interest under the Due Process Clause to be free from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.  In considering whether the Jail has imposed an atypical and significant hardship on Plaintiff, the Court considers the conditions of confinement, including both the duration and degree of restrictions as compared with other inmates.  *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999).

Plaintiff first was placed in administrative segregation for about four months as a result of a disorderly conduct conviction.  After returning to general population for about two weeks, he was charged with assault of another inmate and was returned to administrative segregation on July 14, 2012, where he remains.  Other than a general

reference to "solitary confinement," Plaintiff does not describe conditions that would be considered atypical and a significant hardship.  *See, e.g., Blum v. Fed. Bureau of Prisons*, No. 98-1055, 1999 WL 638232, at *3 (10th Cir. Aug. 23, 1999) (holding that ninety-day confinement without store privileges, radio, and phone calls did not differ in significant degree and duration from ordinary incidents of prison life to create a protected liberty interest); *Villarreal v. Harrison,* No. 99-1268, 1999 WL 1063830, at *2 & n. 1 (10th Cir. Nov. 23, 1999) (concluding that conditions of prisoner's two-year confinement in administrative detention, including restricted telephone privileges and requirement that he eat all of his meals alone in his cell, were not so different as compared with normal incidents of prison life as to give rise to a protected liberty interest); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (holding that thirty-day commissary and cell restrictions did not implicate due process concerns); *Kennedy v. Blankenship,* 100 F.3d 640, 642 (8th Cir. 1996) (finding no liberty interest in thirty-day sanction that included restrictions on mail and telephone privileges, visitation privileges, commissary privileges, and personal possessions).

Furthermore, the Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement.  *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369.  Plaintiff, therefore, has not demonstrated that his placement in administrative segregation violates a liberty interest.

As for Plaintiff's eligibility to participate in the work release program, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  Plaintiff concedes that his sentence is

fourteen months and was subject to a reduction to seven months only if he was found to be eligible for the work release program.  Plaintiff's ineligibility to participate in the work release program does not implicate a liberty interest that arises directly under the Constitution because prisoners are not entitled to any particular degree of liberty.  See *Meachum*, 427 U.S. at 225; *Templeman*, 16 F.3d at 369.  In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner.  See *Meachum*, 427 U.S. at 224.  Claim One, therefore, will be dismissed as legally frivolous.

Claim Two as asserted against Defendant Joshua Hammack will be drawn to a district judge and to a magistrate judge.  Accordingly, it is

ORDERED that the Complaint and the claims asserted in Claim Two against Defendant Joshua Hammack shall be drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that Claim One and Defendants Michael Collins, Sean Renfro,  Micheal Walline, Katherine Fero, Robert Smith, Tyler Hageman, and Theodor Mink  are dismissed from the action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __8th__ day of __March__, 2013.

BY THE COURT:

    s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court