IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–03249–MSK–KMT

DUSTIN SIMS,

    Plaintiff,

v.

JOSHUA HAMMACK,

    Defendant.

---

### MINUTE ORDER

---

### ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA

"Defendant Deputy Hammack's Motion to Strike Plaintiff's Second Response to the Motion to Dismiss" (Doc. No. 135, filed November 15, 2013) is GRANTED. "Plaintiff's [Second] Response to Defendant's Motion to Dismiss" (Doc. No. 132, filed November 14, 2013) is construed to be a surreply. The Local Rules of Practice for United States District Court for the District of Colorado do not allow for the filing of a surreply. *See* D.C.COLO.LCivR 7.1C.

Though "[t]he Tenth Circuit Court of Appeals has held that the district court has discretion to permit a written surreply brief," *Pirnie v. Key Energy Servs., LLC*, Civ. Act. No. 08-cv-01256-CMA-KMT, 2009 WL 1386997, at *1 (D. Colo. May 15, 2009) (citing *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005), the test for the appropriateness of filing a surreply brief is that such a filing "is necessary only if the reply brief raises new material that was not included in the original motion," *id.* (citing *Green*, 420 F.3d at 1196; *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)). Upon a review of the second response, Plaintiff fails to identify any new arguments raised in the Reply in support of the Motion to Dismiss or to raise any new issues not previously raised in his original Response to the Motion to Dismiss.

"Plaintiff's [Second] Response to the Motion to Dismiss" (Doc. No. 132) and the exhibits thereto (Doc. No. 131) are STRICKEN.

Dated: November 20, 2013