IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–03249–MSK–KMT

DUSTIN SIMS,

      Plaintiff,

v.

JOSHUA HAMMACK,

      Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on "Defendant Deputy Hammack's Motion to Dismiss" (Doc. No. 119 [Mot.], filed October 11, 2013), to which Plaintiff filed his response on October 18, 2013 (Doc. No. 121 [Resp.]) and Defendant filed his reply on November 1, 2013 (Doc. No. 27 [Reply]).  Upon this court's Order (*see* Doc. No. 142), Defendant filed a supplemental brief on March 14, 2014 (Doc. No. 143 [Supplemental Br.]) and an additional supplement on June 6, 2014, including portions of an exhibit that had been erroneously omitted from the first supplemental brief (Doc. No. 145).  The motion is ripe for recommendation and order.

## STATEMENT OF THE CASE

The only claim remaining is Plaintiff's Claim Two asserted against Defendant Hammack for excessive force.[1]  (*See* Doc. No. 22 [Compl.] at 11–14; Doc. No. 24 [Order to Dismiss in Part and To Draw in Part].)  Plaintiff alleges while he was at the Jefferson County Sheriff's Office Detention Facility on November 11, 2012, when Plaintiff was released from his cell for his daily hour of activity, he and Defendant Hammack argued, and Defendant Hammack told Plaintiff to go to lock-down.  (Compl. at 11.)  When Plaintiff refused to go to lock-down, Plaintiff alleges Defendant Hammack grabbed Plaintiff by his throat and made Plaintiff go to his cell.  (*Id.* at 11–12.)  Plaintiff alleges when they got to his cell, Deputy Hammack repeatedly punched him and kicked him.  (*Id.* at 12.)  Plaintiff states he tried to shield himself from the attack and, after Defendant Hammack fell on top of him, he bit Defendant Hammack.  (*Id.*)  Plaintiff states he was taken to the emergency room that evening and was treated for a concussion.  (*Id.*)

The Jefferson County Combined Court records submitted by Defendant show that, as a result of the November 11, 2012 incident, Plaintiff was charged with two counts of second degree assault on a peace officer pursuant to Colorado Revised. Statute § 18–3–203(1)(c) and (f).[2]  (*See* Mot., Ex. 1 at 2–3.)  On September 23, 2013, a jury convicted Plaintiff under Colorado

---

[1]Plaintiff characterizes his claim as arising under the Eighth and Fourteenth Amendments.  (*See* Compl. at 11, 14.)  "Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment."  *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010).

[2]While ordinarily a motion to dismiss must be converted to a motion for summary judgment when the court considers matters outside the complaint, *see* Fed. R. Civ. P. 12(d), matters that are judicially noticeable do not have that effect, *see Duprey v. Twelfth Judicial Dist.*

Revised Statute § 18–3–204 of assault in the third degree (a lesser-included offense of second

degree assault).  (*See id.*, Exs. 1 and 2.)  The jury received the following jury instruction:

> It is an affirmative defense to the crime of ASSAULT IN THE SECOND
> DEGREE that the defendant used physical force upon another person:
> 1.      in order to defend himself or a third person from what he reasonably
>         believed to be the use or imminent use of unlawful physical force by the
>         victim, and
> 2.      he used the degree of force which he reasonably believed to be necessary
>         for that purpose.

(Doc. No. 145-1 at 2.)

Plaintiff filed the operative Complaint in this matter on February 14, 2013.  (Compl.]

Defendant now moves to dismiss Plaintiff's claims against him on the grounds that (1) Plaintiff's

conviction for third degree assault on Deputy Hammack bars this claim pursuant to *Heck v.*

*Humphrey*, 512 U.S. 477 (1994); and (2) Defendant is entitled to qualified immunity.  (Mot.)

## STANDARD OF REVIEW

### *1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

---

*Court*, 760 F. Supp. 2d 1180, 1192–93 (D.N.M. 2009) (citing *Grynberg v. Koch Gateway*
*Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004)).  When considering a motion to dismiss,
"the court is permitted to take judicial notice of its own files and records, as well as facts which
are a matter of public record."  *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000),
*abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors*

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v.*

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual

allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156,

1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to

application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## 2.      *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for

lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is

not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the

court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than

the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)

(recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction

when specifically authorized to do so). The burden of establishing subject matter jurisdiction is

on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th

Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings

4

in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.  The

dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir.

2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that

dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice

is a disposition on the merits which a court lacking jurisdiction may not render).

   A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the

complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v.

Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however,

the Court may consider matters outside the pleadings without transforming the motion into one

for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a

party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion

to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to

resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### ANALYSIS

   Defendant argues that Plaintiff's excessive force claim against him is barred by *Heck v.

Humphrey* because it would call into question the validity of Plaintiff's conviction for third

degree assault in Jefferson County.  In *Heck*, the Supreme Court addressed the issue of when a

prisoner may assert a § 1983 claim relating to his conviction or sentence.  The Court held that

"in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for

other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,

a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

U.S.C. § 2254." *Heck*, 512 U.S. at 486–87.  The rule applies to any claim in which "a judgment

in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.*

at 487.  "[A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the

relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

conduct leading to conviction or internal prison proceedings)-if success in that action would

necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544

U.S. 74, 81–82 (2005).  "The starting point for the application of *Heck* . . . is the existence of an

underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action."

 *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007).

The Tenth Circuit has held that *Heck* bars § 1983 claims substantively and procedurally

similar to Plaintiff's.  In *Adams v. Dyer*, 223 F. App'x 757, 761 (10th Cir. 2007), the Tenth

Circuit held that *Heck* barred the plaintiff's excessive force claim because he had been convicted

in Colorado state court of resisting arrest and second degree assault on two police officers.  The

Tenth Circuit explained that excessive force is an affirmative defense to the two crimes of which

the plaintiff was convicted, that he "presented this defense to the jury, [that] the jury received

instructions to this effect," and that the jury nonetheless convicted him. *Id.*  The plaintiff's

excessive force claim stated that the two officers had entered his bedroom and begun assaulting

him without announcing themselves or ordering him to do anything. *Id.*  The Tenth Circuit

6

found that this claim "squarely call[ed] into question the legitimacy of [the plaintiff's] Colorado convictions" because, to find in his favor, "the district court would have been required to nullify the jury's rejection" of his excessive force defense.  *Id.*; *see also Cummings v. City of Akron*, 418 F.3d 676, 682–83 (6th Cir. 2005) (*Heck* barred excessive force claim where the plaintiff had been convicted of assaulting a police officer in state court and the events giving rise to both the conviction and the civil claim were "inextricably intertwined").

The logic of *Adams* applies here.  *See* 223 F. App'x 757.  Although the assault statutes do not specifically recognize the defense of self-defense, it may be raised in a prosecution for assaulting a police officer.  *See, e.g., People v. Whatley*, 10 P.3d 668, 670 (Colo. App. 2000). The jury in Plaintiff's criminal case was instructed that the use of unlawful force gives rise to a right to self defense.  (*See* Doc. No. 145–1 at 2.)  The jury also was instructed that the burden was on the prosecution to disprove the affirmative defense of self defense beyond a reasonable doubt.  (*Id.* at 3.)  Thus, in convicting Plaintiff, the jury necessarily rejected his argument that Defendant Hammack used unlawful force against him.  *See Adams*, 233 F. App'x at 761. Moreover, the facts giving rise to Plaintiff's conviction and his § 1983 claim are "inextricably intertwined."  *See Cummings*, 418 F.3d at 682–83.  Finally, there is no allegation or evidence that Plaintiff's underlying conviction has been invalidated due to subsequent events.[3]

As the court cannot find in favor of Plaintiff without invalidating the jury's verdict that he assaulted Defendant Hammack and that he was not subject to unlawful force, Plaintiff's

---

[3]To the contrary, it appears Plaintiff is in the process of appealing his conviction to the Colorado Court of Appeals.  (*See* Doc. No. 112 at 2.)

claims are barred by *Heck* and should be dismissed without prejudice to refiling.  *See Bryner v. Utah*, 429 F. App'x 739, 744 (10th Cir. 2011) ("[C]laims dismissed on *Heck v. Humphrey* grounds should be dismissed without prejudice.") (citing *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996)).

        **WHEREFORE**, for the foregoing reasons, the court respectfully

        **RECOMMENDS** that the "Defendant Deputy Hammack's Motion to Dismiss" (Doc. No. 119) be **GRANTED** and that Plaintiff's claims against Defendant Hammack be dismissed without prejudice for lack of subject matter jurisdiction.

### ADVISEMENT TO THE PARTIES

        Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 12th day of June, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge